IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHERRIE M. BAZILE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-01035 |
| | § | |
| ROY L. MOORE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Cherrie M. Bazile filed this case on April 3, 2017, seeking to regain custody of one of her children. Complaint [Doc. # 1]. Plaintiff proceeds *pro se* and *in forma pauperis*. *See* Order [Doc. # 7]. The time for service of process has not yet expired. The docket does not yet reflect service of process by Plaintiff on any Defendant and no Defendant has appeared. Preliminary review of the Complaint reveals that the Court has no authority to rule on Plaintiff's claims and the case must be dismissed.

## LEGAL BASIS FOR REVIEW

The Court screens this case *sua sponte* to determine whether the Court may exercise subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B).[1] A federal court has

---

[1] Section 1915(e)(2)(B) requires dismissal of frivolous actions brought *in forma*
(continued...)

jurisdiction to determine its own jurisdiction. *See Trinity Marine Prod., Inc. v. U.S.*, 812 F.3d 481, 486 (5th Cir. 2016); *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014). This Court has the "'responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking.'" *Crutchfield v. Sewerage & Water Bd. of New Orleans*, 829 F.3d 370, 375 (5th Cir. 2016) (quoting *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985)). *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

## **PLAINTIFF'S ALLEGATIONS**

Plaintiff's Complaint refers to, and attaches some documentation from, family law proceedings in the 245th Family Court of Harris County.[2] Her Complaint names five Defendants: (1) Judge Roy L. Moore, 245th Family Court of Harris County; (2)

---

[1] (...continued)
*pauperis* whether or not the plaintiff is a prisoner. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002); *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009).

[2] The Court takes judicial notice of the proceedings in *Juan Ismael Lopez Salgado v. Cherrie Bazile*, Cause No. 2015-58188, in the 245th Family Court of Harris County, Texas. Lopez Salgado filed the suit on September 30, 2015, and the case was tried on the merits on April 4, 2016. The suit concluded on April 29, 2016, when the court entered default judgment against Bazile. Plaintiff's Complaint attaches documents purporting to be from the Child Support Division of the Attorney General of Texas, and indicating that Plaintiff's account is in arrears for child and medical support payments owed by Plaintiff since May 1, 2016. Complaint, at 24.

Judge James Cooper, 245th Family Court of Harris County; (3) Eraka Watson, an attorney who previously represented Plaintiff in the custody dispute about which Plaintiff currently complains; (4) Rebecca Rowland, an attorney who represented the father of Plaintiff's child in the same custody dispute; and (5) Julio Rodriguez, also known as Juan Salgedo, the father of Plaintiff's child and the plaintiff in the custody dispute.

Plaintiff alleges in her Complaint that her child, who is two years old, "has been signed over to an illegal citizen" and that despite her notifications to Defendants, she has been "ignored by everyone." Complaint, at 8. She claims that Judge Moore told her she would go to jail if she "went looking" for the child. She alleges that, when she did not receive a court summons, Judge Cooper called her and told her that he would send officers to take her to jail if she did not appear in court within two hours. She maintains that Rowland, an attorney for the child's father, told her that if she did not transfer the child to his father, the police would take Plaintiff to jail for kidnapping. She further alleges that Watson, her attorney, did not appear for court and took Plaintiff's money but never did any work on Plaintiff's case. *Id*. at 8-9. Her Complaint states, "I am not looking for money . . . I just want my son back." *Id*. at 10.

## DISCUSSION

"'Federal courts are courts of limited jurisdiction.'" *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). This Court "'must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.'" *Id.* (quoting *Howery*, 243 F.3d at 916). There are two types of federal jurisdiction: diversity jurisdiction and federal question jurisdiction.

Diversity jurisdiction exists when the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332; *see Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). The statutory requirement for "complete diversity" of citizenship means that a "federal court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." *Stiftung v. Plains Marketing, L.P.*, 603 F3d. 295, 297 (5th Cir. 2010) (citing *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992)). Plaintiff's Complaint does not establish diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiff provides Texas addresses for herself and all Defendants, and her allegations suggest that both

she and each Defendant are Texas residents.³ Moreover, Plaintiff does not claim an amount in controversy more than $75,000. Plaintiff's Complaint does not adequately allege a basis for diversity jurisdiction. *See Howery*, 243 F.3d at 919 ("Failure adequately to allege the basis for diversity jurisdiction mandates dismissal.").

In addition, Plaintiff has not demonstrated that the Court has "federal question" jurisdiction over her claims. Plaintiff does not assert any claims arising under the United States Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331; *Settlement Funding*, 851 F.3d at 535 ("'Under the well-pleaded complaint rule, a federal court does not have federal question jurisdiction unless a federal question appears on the face of the plaintiff's well-pleaded complaint.'" (quoting *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011)).

Even construing Plaintiff's Complaint liberally to assert that her federal civil

---

3   Although Plaintiff states in her Complaint, at 4, that she is a citizen of Louisiana, she also states that her address is in Houston. Complaint, at 1. Moreover, she clearly has resided in Houston since at least 2015, when the custody proceedings commenced. For purposes of diversity jurisdiction, Plaintiff's citizenship "'has the same meaning as domicile,'" and conveys "'permanent residence in a particular state with the intention of remaining.'" *Veranda Assocs., L.P. v. Hooper*, 496 F. App's 455, 457 (5th Cir. 2012) (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). "In determining a litigant's domicile, the court must address a variety of factors," including "the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996). Given Plaintiff's Houston address and the fact that she has lived here since at least 2015, Plaintiff's allegations do not adequately establish Louisiana citizenship.

rights were violated by the custody proceedings, Plaintiff may not challenge the Family Court rulings and judgment in this Court. The Supreme Court has long held that state courts must resolve constitutional questions that arise during their proceedings. *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). If the state trial court errs in deciding the constitutional issues, the judgment is not void, but the appropriate state appellate court must correct it. *Rooker*, 263 U.S. at 416. The *Rooker-Feldman* doctrine thus deprives federal courts of subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). Unsuccessful state court litigants "'may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits.'" *Turner v. Cade*, 354 F. App'x 108, 111 (5th Cir. 2009) (quoting *Hale v. Harney,* 786 F.2d 688, 690-91 (5th Cir. 1986)).

Additionally, to the extent Plaintiff brings claims that rely on Defendants' conduct during the family court proceedings, Defendants are immune. "A judge generally has absolute immunity from suits for damages." *Davis v. Tarrant County, Texas*, 565 F.3d 214, 221 (5th Cir. 2009) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10

(1991)). Federal courts have no authority to issue injunctive relief directing state courts or their judicial officers in the performance of their duties. *See LaBranche v. Becnel*, 559 F. App'x 290 (5th Cir. 2014) (citing *Holloway v. Walker*, 765 F.2d 517, 525 (5th Cir. 1985); *Moye v. Clerk, DeKalb Cnty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973)). Similarly, under Texas law, attorneys are immune from suit for conduct during litigation in order to "safeguard[] the unfettered exercise of judgment in the judicial system by protecting the person exercising it not only against liability but also against incurring the costs of defending a lawsuit." *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 346 (5th Cir. 2016) (under Texas law, attorney immunity is an immunity from suit, and not a defense to liability). *See also Kinney v. Weaver*, 367 F.3d 337, 352 & n.17 (5th Cir. 2004) (en banc) ("absolute immunity . . . protects witnesses from civil liability arising from their testimony").

For all the foregoing reasons, the Court holds that it lacks subject matter jurisdiction under the doctrine of *Rooker-Feldman* and its progeny, as well as binding authority regarding immunity from suit. Therefore it is hereby

**ORDERED** that this suit is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

SIGNED at Houston, Texas, this **31st** day of **May, 2017**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE